IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CV-254-FL

| | |
|---|---|
| ESTHER J. FRAZIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) ORDER<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>)<br>Defendant. )<br>) | |

This matter is before the court on plaintiff's motion for judgment on the pleadings (DE # 13) and defendant's motion for judgment on the pleadings (DE # 16). United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") on September 26, 2007, recommending that the court deny plaintiff's motion and grant defendant's motion. Plaintiff timely filed objections to the M&R. Defendant did not respond. In this posture, the matter is ripe for ruling. For the reasons that follow, the court accepts the M&R, grants defendant's motion, and denies plaintiff's motion.

STATEMENT OF THE CASE

Plaintiff filed an application for Supplemental Security Income payments protectively on March 3, 2004, claiming that she had become disabled as of that day, due to asthma, sarcoidosis, a sleep disorder, a depressive disorder, schizophrenia, substance abuse, and migraine headaches. The application was denied initially and upon reconsideration. On March 2, 2006, an Administrative Law Judge ("ALJ") conducted a hearing, after which the ALJ issued a decision denying plaintiff's

claims. Plaintiff sought review of the ALJ's decision, and the Appeals Council denied the request on September 22, 2006, thus rendering the ALJ's decision the final decision for purposes of judicial review. See Walls v. Barnhart, 296 F.3d 287, 289 (4th Cir. 2002) ("The Appeals Council denied [claimant's] request for review, thus making the ALJ's determination the final decision of the Commissioner."). Plaintiff timely commenced this action pursuant to 42 U.S.C. § 405(g) on November 21, 2006.

## BACKGROUND

At the time of the hearing, plaintiff, who possesses a ninth-grade education and undertook some G.E.D. course work, was thirty-three (33) years old. Plaintiff testified that although she was not presently smoking cigarettes, drinking alcohol, or using illegal drugs, although plaintiff had smoked marijuana and crack cocaine "about a year" ago. (Rec. 310.) On a typical day, the plaintiff watches television or movies, plays with her kids, takes walks, sometimes on trails, and runs routine errands, although these activities can be disrupted by the onset of her mental and physical illness. (Id. 320-1.) Plaintiff testified that she was previously admitted to the Cherry medical facility and her mother assists her when her symptoms began to worsen. (Id. 322-3.) Plaintiff testified that the totality of her circumstances, and especially her asthma and memory problems, prevent her from undertaking consistent employment. (Id. 323-4.)

After a thorough procession through the five-step sequential evaluation, the ALJ found that the plaintiff possessed "the residual functional capacity [RFC] to perform a wide range of activities of medium, unskilled work." (Rec. 23.) The plaintiff, who was not engaged in substantial gainful employment at the time, had no past relevant work experience, but consideration of the plaintiff's age, education, work experience, and RFC indicated that there are jobs in significant numbers that
2

the plaintiff can perform, despite the ALJ's finding that the plaintiff suffered from the severe impairments of asthma, sarcoidosis, a sleep disorder, a depressive disorder, schizophrenia, and polysubstance abuse. Thus the ALJ concluded that the plaintiff could perform the unskilled work of a hand packager, photocopy machine operator, and office helper; therefore the ALJ found the plaintiff to be non-disabled for social security purposes.

The plaintiff alleges that the ALJ erred by (1) concluding that she did not meet Listing 12.03 of the Commissioner's Listing of Impairments, located at Appendix 1 to 20 C.F,R. pt. 404, subpt. P ["Listing 12.03 "]; (2) concluding that the plaintiff has RFC for medium, unskilled work; and (3) finding that the plaintiff's testimony concerning her pain and limitations was not fully credible.

ANALYSIS

1.  Standard of Review

Judicial review of a final decision concerning disability benefits undertaken pursuant to the Social Security Act, 42 U.S.C. § 405(g) is confined to a determination of whether "substantial evidence" supports the Commissioner's factual findings and whether the decision was reached through the application of the proper legal rules and standards. See 42 U.S.C. § 405(g) (2000); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary." Chatter, 76 F.3d at 589 (citing Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). The issue before the court, therefore, is not whether plaintiff is disabled

as within the meaning of the Act, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. Id.

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. § 404.1520. Step one of the process denies the claimant benefits if the claimant is presently engaged in "substantial gainful activity." If the plaintiff is not engaged in substantial gainful activity, then at step two the ALJ determines whether the claimant has a "severe medically determinable physical or mental impairment" or "a combination of impairments," both of which, as set forth in section 404.1509, must have lasted or be expected to last for "a continuous period of at least 12 months." If neither is found, the claim is denied. If the plaintiff has an impairment or a combination of impairments rising to the level of severe, then, at step three, the ALJ determines whether the plaintiff's impairment meets or equals the requirements one of the of the listing of impairments, embodied in 20 C.F.R. § 404, subpart P, App. 1, in which case the claimant is considered *per se* disabled.

If the impairment does not meet or equal the requirements set forth in the listing of impairments, then the claimant's residual functional capacity ("RFC") is assessed to determine whether the claimant can perform her past work in spite of the impairment; if the claimant is adjudged to be able to perform her past work, the claim is denied. However, if the claimant cannot perform her past or relevant work, at step five the burden shifts to the Commissioner to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work.

2.  *Per Se* Disability under Listing 12.03

The plaintiff's first contention is that the ALJ erred by not finding that she meets or medically

4

equals Listing 12.03, which pertains to schizophrenic, paranoid, and other psychotic disorders. The required level of severity is met when the requirements in both sections (A) and (B) of Listing 12.03 are satisfied, or when the requirements in section (C) are satisfied. Plaintiff maintains that she meets section (A)'s requirement of catatonic behavior and visual hallucinations, having been admitted to the hospital on three different occasions for such incidents and that she meets section (B)'s requirement of functional limitation in two areas, having suffered from repeated episodes of decompensation, each of extended duration and having suffered from marked restrictions in the activities of daily living. Therefore, plaintiff contends, she is *per se* disabled under Listing 12.03.

The ALJ, to the contrary, found that plaintiff did not meet Listing 12.03(B)'s requirement of demonstrating functional limitations in two areas. Plaintiff suffered "two-three episodes of decompensation," and merely "mild" or "moderate" difficulties in daily living, social functioning, and concentration, persistence, and pace. (Rec. 20.) Bolstering the ALJ's determination is the Psychiatric Review Technique and Mental RFC Assessment performed by Dr. Ben Williams, Ph.D., which found no episodes of extended duration decompensation, no restriction of activities of daily living, mild difficulties in maintaining social function, and moderate difficulties maintaining concentration, persistence, or pace. (Rec. 204.) Objective medical evidence therefore does not bear out plaintiff's claims that she meets the requirements of Listing 12.03(B).

The plaintiff also asserts that she meets the requirements of Listing 12.03(C) due to her reliance on the supportive environment provided by living with her mother – a routine that helps ensure compliance with the panoply of medications and treatments the plaintiff requires to stave off the functional limitations wrought by mental illness. Outside of this controlled environment, plaintiff contends, she is unable to function in what would be considered a normal manner, much less

5

sustain employment. The ALJ, however, found that the weight of the historical evidence does not support these contentions, and the record bears out this assessment. Dr. Williams, too, concluded that the factual bases sufficient to ground section (C) were lacking. (See, e.g., Rec. 320, 323, and 330-31.)

Finally, in *dicta*, the ALJ found that even if the facts supporting a claim of disability *were* present, and they were not, such facts would need to be read in light of statutory authority that limits disability claims when such disability is linked with drug or alcohol use. The relevant statute, 42 U.S.C. § 423(d)(2)(C),"prohibit[s] the award of [SSI] to individuals disabled by alcoholism or drug addiction." Mitchell v. Commissioner of the Social Sec. Admin., 182 F.3d 272, 274 (4th Cir. 1999). See also Wagner v. Apfel, 201 F.3d 439, n. 1 (4th Cir. 1999) (containing extensive discussion of legal effect of the drug prohibition). The plaintiff's use of drugs, especially cocaine, finds ample support in the record, and the ALJ was therefore justified and relied on substantial evidence in making this conclusion. (See Rec. 169, 197.)

In light of the foregoing, substantial evidence supports the ALJ's determination that the plaintiff did not meet the criteria set forth by Listing 12.03.

3. Plaintiff's Residual Functional Capacity

An individual's residual functional capacity is defined as that capacity which an individual possesses despite the limitations caused by his or her physical or mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ determined that plaintiff possessed "the residual functional capacity to perform a wide range of medium, unskilled work," which includes the ability to lift and carry about 50 pounds occasionally and 25 pounds with frequency. (Rec. 20.) The plaintiff can stand and walk for about six hours per every eight hour workday. She can understand and remember

two-step directions and perform simple, routine, or repetitive tasks. (Rec. 20.) This assessment takes account of the plaintiff's testimony concerning pain to the extent that this testimony proved consistent with the objective medical evidence before the ALJ. (See Rec. 20-3.)

Plaintiff denies that she has the ability to perform such tasks, and argues that all of her impediments, taken together, prevent her from accomplishing the type of labor the ALJ sets forth. Plaintiff is certainly correct that "Congress explicitly requires that the combined effect of all the individual's impairments be considered, without regard to whether any such impairment if considered separately would be sufficiently severe." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (internal citations omitted). However, in making the RFC determination, the ALJ's opinion quite clearly takes account of the combined effects of the plaintiff's disabilities that are objectively discernable and that result from the plaintiff's own credible testimony.

The ALJ's opinion demonstrates a close review of plaintiff's medical history, including medical records and detailed accounts of each of plaintiff's claims concerning headaches, asthma, sarcoidosis, sleep and depressive disorders, and schizophrenia. (Rec. 19-23.) The ALJ determined that each of these impairments, with the exception of the migraine headaches, constituted severe impairments and thus determined plaintiff's RFC to be confined to medium, unskilled work. This determination finds accord with the opinions of plaintiff's treating physicians, David Rabil, M.D. and Lindsey de Guehery, M.D. and state agency medical and psychological consultants (Rec. 20, 23, and 254-55.) No objective medical evidence from these doctors and experts contradict the ALJ's recommendations, and where the evidence is apposite, the evidence overwhelmingly tends to support the ALJ's determinations.

In sum, the bulk of the evidence throughout the lengthy record indicates that plaintiff's

7

residual functional capacity was not limited to the extent alleged.

4.      Determination of the Plaintiff's Credibility

Plaintiff challenges the ALJ's determination that her claims of certain functional restrictions are not fully credible. In assessing a plaintiff's credibility, the ALJ must follow a two-step process. See, e.g., Horne v. Astrue, No. 3:06-3310-HMH-JRM, 2007 WL 4443167, at *5-*6 (D.S.C. Dec. 14, 2007) (containing extensive discussion of the two step process). First, the ALJ must determine whether the plaintiff's medically determinable impairments could reasonably cause the alleged symptoms. See Craig v. Chater, 76 F.3d 585, 592, 594-5 (4th Cir. 1996). Then the ALJ must evaluate the plaintiff's statements concerning "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work . . . ." Id. at 596. Under Fourth Circuit law, an ALJ may reject relevant testimony regarding plaintiff's pain or physical condition if the ALJ explains the basis for such rejection, thereby ensuring that the decision is sufficiently supported by substantial evidence. Hatcher v. Sec'y, Dep't of HHS, 898 F.2d 21, 23 (4th Cir. 1989) (quoting Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)). The Social Security regulations require that an ALJ's determination "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p, 1996 WL 374186, at *2.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms but plaintiff's allegations concerning the intensity, duration, and limiting effects of these symptoms "are not fully credible." (Rec. 23.) The M&R concluded that the ALJ properly evaluated plaintiff's credibility regarding the severity of her

8

functional restrictions because substantial evidence supports the ALJ's credibility determination, and the ALJ properly applied the two-part test for evaluating pain. In support of her objection, plaintiff argues that the ALJ improperly omitted consideration of the fact that the plaintiff's testimony is "consistent with the medical record." (Obj. 10.)

The court agrees with the M&R that the ALJ properly evaluated plaintiff's credibility. The plaintiff's statements concerning the details of her disabilities are, in fact, inconsistent with the medical record. The effect of plaintiff's sarcoidosis and asthma, for example, is documented in numerous sources, some of which were originally based on plaintiff's prior statements, and conflict directly with plaintiff's statements that these ailments impede, for example, the plaintiff's daily living activities. (Rec. 23.) Plaintiff's pulmonary testing revealed normal functioning and any conditions were well-controlled by use of medications. (Id.) Similarly, in consideration of plaintiff's mental illness and pain, the ALJ followed the proper two-step procedure and revealed that the plaintiff's most recent statements concerning her disabilities were inconsistent with testimony of medical experts and, in some instances, plaintiff's own prior statements. (Rec. 20-23.) The ALJ provided specific reasons for his adverse credibility determination, and the fact that plaintiff can point to some modicum of evidence in the record to support her position does not render the ALJ's decision incorrect. Thus, the ALJ followed the applicable law in making his credibility determinations and did not err in finding the defendant's credibility lacking.

## CONCLUSION

Upon *de novo* review, the court finds no merit in plaintiff's objection. Therefore, adopting and incorporating herein the recommendation of the magistrate judge, defendant's motion for judgment on the pleadings (DE # 16) is GRANTED, plaintiff's motion for judgment on the pleadings (DE # 13) is DENIED. The clerk is directed to close the case.

SO ORDERED, this the 9th day of January, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

10